**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. _____ |
| v. | ) ) COMPLAINT |
| THE STANDARD REGISTER COMPANY, Defendant. | ) ) JURY TRIAL DEMANDED ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Penny L. Zink who was adversely affected by such practices. As alleged with greater particularity in the paragraph below, Penny L. Zink was subjected to numerous incidents of harassment by male co-workers because of her sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.	At all relevant times, Defendant, The Standard Register Company (hereinafter "Employer" or "Standard Register"), an Ohio corporation, has continuously been doing business in the State of Pennsylvania and the City of York, and has continuously had at least 15 employees.

5.	At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.	More than thirty days prior to the institution of this lawsuit, Penny L. Zink filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.	Beginning at least on or about July 24, 2006, and continuing through May 24, 2007, Defendant Employer engaged in unlawful employment practices at its York, Pennsylvania facility, in violation of Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), as follows:

    a)    On February 14, 2005, Defendant Employer hired Penny L. Zink as a Miscellaneous Form Finisher, in the Bindery Department, at Defendant's York facility, located at 121 Mt. Zion Road, York, Pennsylvania 17402.

    b)    On or about July 24, 2006, Penny L. Zink transferred to the Coater Department as a Press Trainee, at the York facility.

    c)    At all relevant times, all of Penny L. Zink's co-workers in the Coater Department were male.

    d)    Upon her transfer to the Coater Department, Defendant Employer subjected Zink to severe and repeated acts of sex-based harassment, including, but not limited to, being told that she was "not as good as the guys" and that she was "stupid;" being yelled at and ostracized by her male coworkers; being deprived of assistance on a two-person machine and required to work it alone; being deprived of important information or assistance essential to ensure the smooth operation of her machine; and being left anonymous and crude notes designed to mock and intimidate her.

    e)    On numerous occasions, Zink reported incidents of harassment to her supervisors and other management personnel, yet despite her complaints, Defendant Employer failed to take appropriate remedial action and the harassment continued.

    f)    As a result of this hostile and unsafe environment, Zink was constructively discharged from her position, on May 24, 2007.

8.    The effect of the practice(s) complained of in paragraph 7 above has been to deprive Penny L. Zink of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Penny L. Zink.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of one's gender, including but not limited to subjecting an employee to a hostile work environment due to the fact that the employee is a female.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on nondiscrimination and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

D.      Order Defendant Employer to make Penny L. Zink whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.  Order Defendant Employer to make Penny L. Zink whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

F.  Order Defendant Employer to make Penny L. Zink whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, stress and humiliation, in amounts to be determined at trial.

G.  Order Defendant Employer to pay Penny L. Zink punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

  /s/ Debra M. Lawrence
DEBRA M. LAWRENCE
MD 04312
Acting Regional Attorney
Debra.Lawrence@eeoc.gov

   /s/ Maria Salacuse
MARIA SALACUSE
MD 15562
Supervisory Trial Attorney
Maria.Salacuse@eeoc.gov


   /s/ Natasha L. Abel
NATASHA L. ABEL
PA 195045
Trial Attorney
Natasha.Abel@eeoc.gov

EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107
Telephone:   (215) 440-2686
Facsimile:   (215) 440-2848